UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| ROBERTO CLAROS et al., *Plaintiffs*, v. SWEET HOME IMPROVEMENTS, INC., et al., *Defendants* | **Case No: 1:16-cv-344-AJT-MSN** <br><br> **Hearing Date**: July 8, 2016 <br> 10:00 a.m. |

## Notice to the Court
## Re Plaintiffs' Motion to Compel

Plaintiffs file this notice in order to inform the court about the parties' discovery-dispute resolution efforts that have occurred since Plaintiffs filed their June 22 motion to compel (ECF No. 18). Most of the parties' disputes have been resolved, but one still requires judicial resolution: whether Defendants must obtain and produce bank records related to the bank account that Defendants' used to pay Plaintiffs' wages.

### Actions of the Parties

1. Plaintiffs originally served Defendants with discovery requests on May 4, 2016. Defendants failed to make any response to the requests within the 30 days set by the Federal Rules.

2. After Plaintiffs made extensive efforts to resolve the dispute without judicial intervention, Defendants produced some initial discovery responses on June 13. However, the responses were deficient in many respects. After counsel met and conferred, Defendants agreed to remedy the deficiencies, and the parties agreed that Plaintiffs would forego filing a motion to compel if Defendants produced complete discovery responses by June 20.

3. Plaintiffs did not receive any further discovery responses by June 20, and Plaintiffs filed their motion to compel on June 22.

4. Later that afternoon, Defendants' counsel sent me an email. Defendants' counsel stated that he had received Plaintiffs' motion to compel, but that a paralegal had sent the supplemental discovery responses to me via email on the afternoon of June 20. Defendants' counsel included a PDF image of the email that the paralegal had sent. It showed that the paralegal had attached all of Defendants' supplemental discovery responses to a single email.

5. I confirmed that Defendants' June 20 email never arrived, possibly because the many attachments made the email too large to deliver.

6. Defendants' counsel then re-sent me the supplemental responses as a series of email attachments, but the supplemental responses were not signed.

7. On June 23, I received hard copies of the supplemental responses in the mail. The hard copies contained additional documents that were not included in Defendants' counsel's emails.

8. The hard-copy supplemental responses were signed, with the date June 21.

9. The supplemental responses resolved many of the deficiencies in Defendants' original June 13 discovery responses. However, a few still remained. I emailed opposing counsel on June 23, outlining the remaining deficiencies and offering to withdraw the motion to compel if they were resolved immediately. Defendants' counsel did not respond to this email.

10. On June 28, having still received no response, I called Defendants' counsel at his office, and we conferred about the remaining deficiencies.

11. On the morning of June 29, Defendants produced a second set of supplemental discovery responses that resolved nearly all of the remaining discovery issues save one: whether

Defendants must obtain and produce bank records related to the bank account that Defendants' used to pay Plaintiffs' wages.

12. Accordingly, the only remaining discovery issue is whether Defendants must obtain and produce bank records related to the BB&T bank account that Defendants' used to pay Plaintiffs' wages: specifically, bank statements and copies of Plaintiffs' paychecks.

13. At the parties' June 29 meet-and-confer, the parties discussed Defendants' failure to produce account statements from the BB&T bank account that was used to pay Plaintiffs' compensation. I noted that Defendants' supplemental answer to Plaintiffs' Interrogatory 19 states that "Defendants have ordered the bank statements." Defendants' counsel stated that he had asked Defendants repeatedly to request the relevant bank statements related to the bank account, but that they had not in fact done so.

14. Plaintiffs also requested that Defendants produce copies of the checks that Defendants used to pay Plaintiffs' wages. Defendants state that they will not produce the documents absent a court order.

15. Plaintiffs anticipate that Defendants will today file an Opposition to the pending Motion to Compel, as ordered by the Court (*see* ECF No. 21). Plaintiffs will provide their legal argument in a reply brief to be filed on June 30, also as ordered by the Court. *See id.*

Respectfully submitted,

<u>//s// Nicholas Cooper Marritz</u>                                                           Date: June 29, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*

## Certificate of Service

I hereby certify that on June 29, 2016, I uploaded the foregoing Notice to the Court Re Plaintiffs' Motion to Compel to the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to all counsel of record:

>Jason Jin Huh
>Law Office of Jason J. Huh, PLLC
>4101 Chain Bridge Road, Suite 214
>Fairfax, VA 22030
>attorneyhuh24@gmail.com
>*Counsel for Defendants*

//s// Nicholas Cooper Marritz                    Date: June 29, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*