IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ROBERTO CLAROS, et al.,

    Plaintiffs,

    v.

SWEET HOME IMPROVEMENTS, INC., et al.,

    Defendants

Case No. 1:16-cv-344-AJT-MSN

## DEFENDANTS' RESPONSE TO MOTION TO COMPEL FROM ROBERTO CLAROS, JOSE CLAROS, FREDY ZAMORANO, MARIO HERRERA MACURAN, AND OSBALDO LOPEZ

Defendants' Sweet Home Improvements, Inc., Myung K. Koo, and Mi Ae Koo, hereby submits this response to Motion to Compel from Roberto Claros, Jose Claros, Fredy Zamorano, Mario Herrera Macuran, and Osbaldo Lopez, and in support thereof states as follows:

INTRODUCTION

1.    As noted in Plaintiffs' recent filing Notice to the Court Re Plaintiffs' Motion to Compel most, if not all, of the requested interrogatories and documents for six defendants were provided to the opposing party on June 20, 2016, via email and sent regular mail which Plaintiffs' attorney received on or about June 23, 2016, which included a separate sections for signed signatures.

2.    Defendants have work diligently to provide the requested documents, despite problems with record keeping that Defendants readily admit were not thorough or complete.

1

3. Sweet Home Improvements, Inc. is a "mom and pop" store run by husband and wife, Mr. Myung Koo and Mrs. Miae Koo, both acting in the capacity of directors, officers, manager, sales person, and/or record keeper, to name some of the job duties.

4. Defendants admit that they are grateful to Plaintiffs for providing extra time to answer the interrogatories and produce documents.

5. As noted recently, Defendants have provided all but one item that seems to be in contention, BB&T corporate bank record that has since closed.

6. Defendants do not have in their possession these bank records. Defendants have, however, provided Plaintiffs with the Bank account number and where it's located.

7. At the initial response to Plaintiffs' request for discoveries, Defendants stated that they have ordered the bank records and were awaiting the records. At the time this statement was made, Defendants had contacted their bank and had inquired regarding the record.

8. However, Defendants have since learned that in order for the Defendants to obtain the bank records and obtain a copy of cancelled checks showing when payments were made to various subcontractors, including Plaintiffs, Defendants would have to first spend $99 to obtain a year's worth of records, identify all individual checks numbers Defendants wanted, and then order these checks separately.

9. The cost of ordering each checks are approximately $8 per check, and assuming Defendant is to order 10 checks per month, the cost would be $960 for copies of checks that may or may not have to do this litigation and which may or may not be relevant or probative.

10. In talking with Plaintiffs' counsel, it appears that Plaintiffs are in possession of some of the checks in question, or may have all the checks issued to them.

11. Federal Rules of Civil Procedure, Rule 26(b)(1) and B9B)(2) provides, in relevant part, that:

> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense <u>and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.</u> Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> (2) *Limitations on Frequency and Extent.*
>
> > (A) *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.
> >
> > (B) *Specific Limitations on Electronically Stored Information.* <u>A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.</u> On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
>
> (emphasis added).

12. As noted above, the bank information is not in possession of Defendants and it would unduly burdensome for them to produce a record at a cost of approximately $900.

13. WHEREFORE, for the reasons stated above Defendants respectfully request this Honorable Court to deny Plaintiffs' Motion to Compel.

SWEET HOME IMPROVEMENTS, MYUNG KOO, AND MIAE KOO

By Counsel

_____
Jason J. Huh,
Law Office of Jason J. Huh, PLLC
4101 Chain Bridge Road, Suite 214
Fairfax, VA 22030
(T) 703-218-5404  (F) 703-218-5413
attorneyhuh24@gmail.com

### CERTIFICATE OF SERVICE

On this June 20, 2016, I certify that a true copy of the foregoing **DEFENDANTS' RESPONSE TO MOTION TO COMPEL FROM ROBERTO CLAROS, JOSE CLAROS, FREDY ZAMORANO, MARIO HERRERA MACURAN, AND OSBALDO LOPEZ** was emailed and mailed, postage prepaid, to the following individual:  Nicholas Cooper Marritz, 6066 Leesburg Pike, Suite 520, Falls Church, VA 22041, nicholas@justice4all.org.

_____
Jason J. Huh