UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| ROBERTO CLAROS et al., *Plaintiffs*, v. SWEET HOME IMPROVEMENTS, INC., et al., *Defendants* | Case No: 1:16-cv-344-AJT-MSN<br><br>Hearing Date: July 8, 2016<br>10:00 a.m. |

## Plaintiffs' Reply Brief

Plaintiffs have moved the Court for an order compelling Defendants to produce records related to the BB&T bank account that Defendants used to pay Plaintiffs' wages. (ECF No. 18). In response to the motion, Defendants have raised three principal objections: the bank records are not within the scope of discovery; the bank records are not in Defendants' possession; and retrieval of the records would present an undue burden of about $900. (*See generally* Defendants' Response to Plaintiffs' Motion to Compel, ECF No. 23 (("Defs.' Brief")). As demonstrated below, however, Defendants' objections are untimely, none of them has merit, and the Court should compel Defendants to produce the records.

### ARGUMENT

**A. Defendants' objections are untimely and should be deemed waived.**

Under Local Rule 26(C), objections to discovery requests must be made within 15 days after the requests were served. If an objection is untimely, the court has the discretion to deem the objection waived. *See, e.g., DirecTV, Inc. v. Key*, No. 3:03-cv-321, 2003 WL 24336356, at *3 (E.D. Va. Oct. 17, 2003) (striking discovery objections as untimely); *Bralley v. Carey*, No. 3:10-

cv-138, 2011 WL 6326503, at *3 (E.D. Va. Dec. 1, 2011) (same). Here, Defendants have given no justification for their failure to raise their objections in a timely way. The time to raise discovery objections was over a month ago. Absent any explanation for this untimely conduct, the Court should deem Defendants' objections waived.

**B. The bank records are within the scope of discovery because they are relevant, highly probative, and proportional to the needs of this case.**

Even if not waived, Defendants' relevance objection fails on the merits. Defendants object to producing the bank records because they "may or may not have to do with this litigation and…may or may not be relevant or probative." (Defs.' Brief at ¶10). This is essentially an objection that the records are outside the scope of discovery.

This objection is meritless. Rule 26 sets the scope of discovery broadly, allowing parties to seek "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In making this determination, courts are to consider:

- The importance of the issues at stake in the case, and the importance of the discovery in resolving the issues;
- The amount in controversy;
- The parties' relative access to relevant information;
- The parties' resources; and
- Whether the burden or expense of the proposed discovery outweighs its likely benefits.

*Id.*

The bank records easily satisfy this standard.

First, the records are highly relevant to the most critically-important issues in any wage-and-hour case: when did Plaintiffs work for Defendants, and how much were they paid? One of Plaintiffs' principal claims for damages is that, in certain weeks, Defendants did not pay Plaintiffs the federal minimum wage for each hour they worked, in violation of the Fair Labor Standards Act (*See* First Amended Complaint, ECF No. 5 at ¶¶78–79). Another is that Defendants never paid them the FLSA overtime premium for their hours worked beyond 40 in *any* workweek. (*See id.* at ¶¶80–81). Defendants paid Plaintiffs on a weekly basis, using checks drawn on a now-closed BB&T bank account. By Defendants' own admission, the cancelled checks will state "exactly when [each Plaintiff] worked and how much [he was] paid." (ECF No. 19-10, at 8, Defendants' Answer to Osbaldo Lopez's Interrogatory 4). It is difficult to imagine evidence more relevant in a wage-and-hour case, because the cancelled checks and account statements will show the gross pay that each Plaintiff received each week. At a minimum, this will aid in determining if the Plaintiff received the minimum wage for that week's work, and will be particularly relevant in determining whether the Plaintiff worked over 40 hours in that workweek—given that Defendants never paid an overtime premium, each Plaintiff's weekly hours can be determined by dividing his gross pay by his hourly rate. Under such circumstances, the relevance of these bank statements and cancelled checks cannot reasonably be questioned, and Defendants should be compelled to produce them.

Second, the cost to retrieve the records is small, relative to the amount in controversy. Plaintiffs estimate their damages at over $25,000. A cost of $900 is only about 3.6% of that amount. Thus, this factor favors Plaintiffs.

Third, Defendants have superior access to the bank records sought. As the account-holder, Defendants can retrieve all the records via one single request to the bank. Moreover, Plaintiffs

have no right to request copies of the bank account statements; only Defendants have that right. And even if Plaintiffs could theoretically request copies of their own cancelled paychecks, this would require six separate requests—one from each Plaintiff. Contrary to Defendants' assertion, Plaintiffs are not in possession of copies of their paychecks, (*See* Defs.' Brief at ¶10), and the burden of retrieving them should fall on Defendants. This is especially true because the Defendants admit that they were at one time in possession of this information before losing it or destroying it. (*See* Defs.' Responses to Plaintiffs' Interrogatory 4, Interrogatory 9, and Request for Production 1, ECF Nos. 19-8 through 19-11 at 8, 23, and 27). And federal regulations required Defendants to keep and preserve copies of Plaintiffs' basic employment and earnings records for at least two years. *See* 29 C.F.R. § 516.6; *see also Fields v. Luther*, No. CIV-JH-84-1875, 1988 WL 59963, at *14 (D. Md. May 4, 1988) ("Had [Defendants] maintained these records, it would be a simple matter to determine whether the minimum wage was paid"). Under these circumstances, Defendants should be deemed to have superior access to the information, and should bear the burden of retrieving it.

Fourth, a consideration of the parties' resources favors Plaintiffs, or is at least neutral. Defendants run a construction company that does business throughout Northern Virginia, the District of Columbia, and the D.C. suburbs of Maryland. By contrast, the Plaintiffs are indigent day laborers. Defendants are presumably able to bear the cost of retrieving the records; the same cannot be said of Plaintiffs. Thus, this factor favors Defendants' producing the documents.

Finally, the expense of the proposed discovery is far outweighed by its likely benefits. As shown above, knowing the dates and amounts of Plaintiffs' pay will be very helpful in resolving critical issues in this, a wage-and-hour case with a substantial overtime component.

Thus, the Court should find that the documents are within the scope of discovery, overrule Defendants' objections, and compel Defendants to produce the bank records.

**C. The bank records are within Defendants' "control" because Defendants have the ability to obtain them from the bank upon request.**

Defendants further object to producing the bank records because they are in the possession not of Defendants, but of BB&T. (*See* Defs.' Brief at ¶¶6 and 12). Under Rule 34, however, parties may be compelled to produce documents not only in their actual possession, but rather in their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Here, the bank records are within Defendants' "control."

Under Rule 34, "control" "does not require that the responding party have legal ownership or actual physical possession of the documents, but rather 'the right, authority or practical ability to obtain the documents from a nonparty to the action.'" *Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 759 (E.D. Va. 2014), *quoting E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 292 (E.D. Va. 2012).

Here, there is no question that Defendants have the right to obtain the bank statements and checks from BB&T—they state as much in their opposition brief. (*See* Defs.' Brief at ¶¶8–9; *see also Thomas v. Deloitte Consulting LP.*, No. 3:02-cv-0343, 2004 WL 1372954, at *4 (N.D. Tex. June 14, 2004) (opposing party made no argument that it did not have a legal right to obtain bank statements and checks from the bank). Thus, their objection fails.

**D. Defendants' undue-burden objection is without merit.**

Finally, Defendants deem Plaintiffs' request unduly burdensome, primarily due to its cost; they assert that retrieving their bank records would cost approximately $900. (*See* Defs.' Brief

at ¶12). While not *de minimis*, a $900 burden is simply not "undue" on the facts of this case, for the reasons discussed above in Part B. Thus, this objection fails.

## CONCLUSION

This is a wage-and-hour case. Defendants have been asked to produce documents that will help establish definitively the specific weeks that Plaintiffs worked, the amounts they worked in those weeks, and the amounts they were paid in those weeks. As discussed above in Part B, the bank records that Plaintiffs seek are highly probative of the critical issues in this case; the cost of retrieval is a small fraction of the amount in controversy; Defendants have superior access to the information; Defendants have superior resources compared to Plaintiffs; and the relevance of the records far outweighs the burden of retrieving them. Thus, the Court should compel Defendants to produce the records without delay.

Respectfully submitted,

//s// Nicholas Cooper Marritz                                      Date: June 30, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*

## Certificate of Service

I hereby certify that on June 30, 2016, I uploaded the foregoing Plaintiffs' Reply Brief to the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to all counsel of record:

>Jason Jin Huh
>Law Office of Jason J. Huh, PLLC
>4101 Chain Bridge Road, Suite 214
>Fairfax, VA 22030
>attorneyhuh24@gmail.com
>*Counsel for Defendants*

//s// Nicholas Cooper Marritz                                    Date: June 30, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*