UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(ALEXANDRIA DIVISION)

| | |
|---|---|
| ROBERTO CLAROS et al., *Plaintiffs*, v. SWEET HOME IMPROVEMENTS, INC., et al., *Defendants* | Case No: 1:16-CV-344-AJT-MSN  Hearing Date: August 5, 2016  10:00 a.m. |

**Memorandum in Support of Motion
for an Order to Show Cause, and for Sanctions**

On July 8, this Court granted Plaintiffs' motion to compel and ordered Defendants to produce certain bank records that Plaintiffs had requested in discovery—records that are highly probative of Plaintiffs' claims and damages. The Court ordered production within 14 days, but declined to award Plaintiffs their costs and fees.

The Court's deadline has come and gone, and Defendants have not produced the bank records. They have not described any steps they have taken to obtain the bank records—in fact, they have misrepresented under oath their efforts to do so. And they have not given Plaintiffs any indication as to when they might expect to receive the bank records. Accordingly, Plaintiffs now move for an order requiring Defendants to show cause why they should not be held in contempt of court.

Plaintiffs also move for sanctions, including—at a minimum—the costs and fees incurred in bringing not only this motion but also Plaintiffs' previously-granted motion to compel.

**A. Facts**

1. On July 8, this Court granted Plaintiffs' motion to compel (ECF No. 18) and ordered

1

    Defendants to produce certain bank records that Plaintiffs had requested in discovery. (ECF No. 26). However, the Court declined to award Plaintiffs the costs and fees they incurred in bringing the motion. (ECF No. 25).

2. The Court ordered production within 14 days—i.e., by Friday, July 22. (*See* ECF No. 26).

3. Defendants did not produce any documents by July 22. Nor did they contact Plaintiffs to describe any steps they had taken to obtain the bank records, or to give any indication as to when Plaintiffs might expect to receive the records.

4. On July 25, Plaintiffs' counsel contacted Defendants' counsel by email, advising Defendants of their delinquency and advising them that, if the documents were not produced by July 27 at noon, Plaintiffs would seek to have Defendants held in contempt. A copy of this email is attached as **Exhibit A**.

5. Defendants' counsel did not respond to this email.

6. On July 26, Plaintiffs' counsel called and left a message on Defendants' counsel's office answering machine, again advising Defendants of their delinquency and reiterating that Plaintiffs would move to hold Defendants in contempt if no responses were forthcoming by July 27 at noon.

7. After leaving this message, Plaintiffs' counsel then emailed Defendants' counsel. Plaintiffs' counsel requested that, by July 27 at noon, Defendants' counsel either (1) produce the records or (2) notify Plaintiffs' counsel as to the steps Defendants had taken to retrieve the records, and when Plaintiffs could expect to receive them, so that Plaintiffs could decide whether or not judicial intervention would be necessary. A copy of this email is attached as **Exhibit B**.

8. Defendants' counsel replied to this email shortly before 5:00 p.m. on July 26. Defendants' counsel stated only that: "I will talk to my client again. It has been very hard trying to contact him. He is aware of the court order." A copy of this email is attached as **Exhibit C**.

9. Plaintiffs' counsel then reminded Defendants' counsel that Defendants' 30(b)(6)

deposition is scheduled for August 16, making it necessary for Plaintiffs to know the status of Defendants' efforts to retrieve the bank records without further delay. A copy of this email is attached as **Exhibit D**, and a copy of the 30(b)(6) deposition notice is attached as **Exhibit E**.

10. Defendants did not produce any documents or make any further contact with Plaintiffs' counsel by noon on July 27.

**B. Legal Standard**

A party's failure to obey a court's discovery order is governed by Civil Rule 37(b), which authorizes the court to sanction the non-complying party via "further just orders" of varying severity. *See* Fed. R. Civ. P. 37(b)(2)(A). In determining the appropriate sanctions to impose, a district court should consider:

(1) whether the non-complying party acted in bad faith,

(2) the amount of prejudice that noncompliance caused the adversary,

(3) the need for deterrence of the particular sort of non-compliance, and

(4) whether less drastic sanctions would be effective.

*Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians,* 155 F.3d 500, 504 (4th Cir. 1998); *Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 764 (E.D. Va. 2014). At a minimum, the court must order the disobedient party to pay the reasonable expenses incurred by the other party (including attorney's fees) as a result of the failure to obey. *See* Fed. R. Civ. P. 37(b)(2)(C).

**C. Defendants should be sanctioned by paying the costs and fees that Plaintiffs incurred in bringing both this motion and the previously-granted motion to compel.**

1. **Defendants' misrepresentations and dilatory conduct likely amount to bad faith, and in any case are in need of judicial sanction**.

A finding of bad faith is not necessary to sanction a party who violates a discovery order; it goes only goes to the weight of the sanction to be imposed. *See Law Enf't All. of Am., Inc. v.*

*USA Direct, Inc.*, 61 F. App'x 822, 831 (4th Cir. 2003). Plaintiffs do not infer bad faith lightly, and will ultimately leave that determination to the Court. Plaintiffs note, however, that Defendants' failure to produce the bank records does not stand on its own; Defendants have already misled Plaintiffs once as to the status of their efforts to retrieve the bank records, and they have made no assurances since then that the records will be forthcoming. Moreover, Defendants have also persisted in a general pattern of dilatory conduct throughout this litigation that calls into question whether they are taking their discovery obligations seriously. For these reasons alone, Defendants' conduct is in need of judicial sanction.

With regard to the bank records:

- In their supplemental interrogatory responses, Defendants falsely represented to Plaintiffs under oath that they had already ordered some of the bank records. Defendants' supplemental answer to Plaintiffs' Interrogatory 19 states that "Defendants have ordered the bank statements." A copy of this interrogatory answer is attached as **Exhibit F**. At the parties' June 28 meet-and-confer, however, Defendants' counsel admitted that, while he had asked Defendants repeatedly to request the statements, they had not in fact done so. (*See also* ECF No. 22 at ¶13). A copy of an email sent by Plaintiffs' counsel to Defendants' counsel recapping the June 28 meet-and-confer is attached as **Exhibit G**.
- As noted above in the Facts section, Defendants have provided no substantive response to Plaintiffs' inquiries about the status of the bank records. Defendants have given no assurances that they have even sought the subject bank records, much less when Plaintiffs can expect to get them.
- At the parties' June 14 meet-and-confer, Defendants' counsel estimated that retrieving the records from the bank would take about one week. (ECF No. 19 at ¶24). More than two weeks have passed since the Court ordered production of the records, leading Plaintiffs to further question what efforts Defendants have made to retrieve them.

With regard to Defendants' other discovery obligations:

- Defendants failed to provide any sort of discovery within the time set out in the Federal Rules. (*See* Memorandum in Support of Plaintiffs' Motion to Compel Discovery, ECF No. 19 at ¶¶1–3).
- Plaintiffs then offered Defendants at least four separate extensions of the deadline in order to avoid a motion to compel. (*See id.* at ¶¶5–6, 11, 13, and 22), but Defendants did not produce complete, sworn discovery responses within that timeframe either. (*See* Notice to Court re Plaintiffs' Motion to Compel, ECF No. 22 at ¶¶1–8).
- Defendants eventually provided discovery responses, but did so in a piecemeal fashion, and only after multiple time-consuming meet-and-confer efforts by Plaintiffs. (*See* ECF No. 19 at ¶¶16–22; ECF No. 22 at ¶¶7–11).
- Defendants did not produce the responses in a timely way, obligating Plaintiffs to engage in extensive briefing in the form of a motion to compel. (*See* ECF No. 22 at ¶3).
- Only then did Defendants first raise any discovery objections—over a month after the deadline to do so under the Federal Rules. (ECF No. 19 at ¶31, *see also* Reply Brief in Support of Plaintiffs' Motion to Compel, ECF No. 24 at 1–2).

Given all of the circumstances, Defendants' conduct likely amounts to bad faith. *See Plant v. Merrifield Town Ctr. Ltd. P'ship*, 711 F. Supp. 2d 576, 584 (E.D. Va. 2010) (finding bad faith where the disobedient party showed "willful disregard of the federal rules" and made representations concerning the status of its discovery responses that "clearly were not correct"). Even if the Court disagrees, Defendants' conduct is still worthy of sanction, for the reasons described below.

### 2. Defendants' noncompliance is causing Plaintiffs ongoing prejudice.

The prejudice to Plaintiffs caused by Defendants' noncompliance is clear: this a wage-and-hour case, and without Defendants' bank records, Plaintiffs will be unable to prove the full

extent of the harm done to them. As another district court in this Circuit noted in its decision to impose sanctions in an FLSA wage-and-hour case:

> Particularly in a case involving employees suing their employer, [] delaying tactics on the employer's part can be highly prejudicial and indicative of an attempt to overwhelm the resources of the generally less well-financed plaintiffs. In addition, the employer has the information and records that will ultimately decide this type of case, giving the employer the power to create insurmountable hurdles for plaintiffs, absent court intervention.

*Deloso v. Multifresh, Inc.*, No. 5:12-cv-1165, 2014 WL 1883790, at *6 (S.D.W. Va. May 12, 2014).

This is precisely the case here. Without the bank records, Plaintiffs cannot develop their case and prepare for trial. By Defendants' own admission, the bank records at issue will state "exactly when [each Plaintiff] worked and how much [he was] paid." (ECF No. 19-10, at 8, Defendants' Answer to Osbaldo Lopez's Interrogatory 4). It is difficult to imagine evidence more relevant to a wage-and-hour case. *See Flame S.A.*, 39 F. Supp. 3d at 765 ("The evidence sought by plaintiffs goes to the heart of their claims….The prejudice thus is clear because [defendants'] actions hindered plaintiffs' ability to build their cases.") Given the harm that Defendants' non-compliance has caused, Plaintiffs' proposed sanction—the costs and fees of the two resulting discovery motions—is thoroughly appropriate.

### 3. The need for deterring Defendants' non-compliance is high.

As this court has observed, because of discovery's important role in modern litigation, violations of discovery orders threaten the integrity and efficient operation of the civil judicial process. *Flame S.A.*, 39 F. Supp. 3d at 765. Here, Defendants have disregarded a court order requiring them to produce documents that bear directly on Plaintiffs' ability to prove their claims and damages. As the Fourth Circuit has recognized, such behavior "must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 93 (4th Cir. 1989). A court-ordered sanction of Plaintiffs' costs and fees would serve that purpose well.

### 4. Less-drastic sanctions would be ineffective in getting Defendants to take their discovery obligations seriously.

Throughout the course of this litigation, Defendants have shown that they are not taking their discovery obligations seriously, as described above in Part (C)(1). Defendants completely failed to respond to Plaintiffs' discovery requests within the timeline set out by the Federal Rules. They eventually provided discovery responses, in fits and starts—but only after Plaintiffs gave them numerous extensions, engaged in multiple time-consuming meet-and-confer efforts, and ultimately had to undertake extensive briefing in the form of a motion to compel. And now the situation repeats itself: Defendants have blown off their discovery obligations, without explanation and without any indication that they have even attempted to comply. Plaintiffs have offered Defendants extra time to comply, and have invited Defendants to explain the steps they have taken to comply, all in an effort to avoid the need for judicial intervention—despite having no obligation to do so under the Federal Rules.[1] Nothing has worked. An award of costs and fees is the minimum sanction that Rule 37(b) contemplates, and Plaintiffs ask that the Court impose it now.

### D. Conclusion

Accordingly, Plaintiffs request the following relief:

1. An order requiring Defendants to produce the bank records without further delay;
2. An order requiring Defendants to show cause why they should not be held in contempt;
3. An award of Plaintiffs' reasonable attorney's fees of $8,960 incurred in bringing not only this motion, but also Plaintiffs' previously-granted motion to compel (*See* Declaration of Nicholas Marritz, Esq., attached as **Exhibit H**); and
4. Any other relief the Court thinks just and proper.

---

[1] *Compare* Fed. R. Civ. P. 37(a)(1) (meet-and-confer required prior to filing a motion to compel an answer to a *party's* discovery *request*) *with* Fed. R. Civ. P. 37(b) (no meet-and-confer requirement where a party has disobeyed a *court's* discovery *order*).

Respectfully submitted,

/s/ Nicholas Cooper Marritz                                                        July 27, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*

---

**Certificate of Service**

I hereby certify that on July 27, 2016, I uploaded the foregoing Memorandum in Support of Motion for an Order to Show Cause, and for Sanctions, along with its accompanying exhibits, to the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to Defendants' counsel of record:

> Jason Jin Huh
> Law Office of Jason J. Huh, PLLC
> 4101 Chain Bridge Road, Suite 214
> Fairfax, VA 22030
> attorneyhuh24@gmail.com
> *Counsel for Defendants*

/s/ Nicholas Cooper Marritz                                                        July 27, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*