## Nicholas Marritz

| | |
|---|---|
| **From:** | Nicholas Marritz |
| **Sent:** | Tuesday, June 28, 2016 5:23 PM |
| **To:** | 'Attorney Huh' |
| **Subject:** | Recap of our call |

Hello Jason,

Thank you for a productive call just now. I wanted to memorialize it in this email. Please let me know immediately if you disagree with or have a different understanding about any part of it, or if I left anything out.

We went through each of the remaining discovery deficiencies and determined which have been resolved and which remain.

1. **Interrogatory 14:**

   - Your agreed to produce a second supplemental response to Interrogatory 14 tonight or tomorrow morning.

2. **Requests for Production:**

   a. Bank Information: We discussed your clients' production of records relating to the BB&T bank account that was used to pay Plaintiffs' compensation.

      i. Bank Statements

         - You stated that you had asked Defendants repeatedly to request the relevant bank statements related to the bank account, but that they had not done so. I noted that Defendants' supplemental answer to Interrogatory 19 states that "Defendants have ordered the bank statements." I asked whether this meant that Defendants' responses to Interrogatory 19 were false. You said yes.

      ii. Copies of Plaintiffs' Paychecks

         - You declined to instruct your client to request copies of Plaintiffs' paychecks, absent a court order.

         - You asked whether these bank records, being in control of the bank, were responsive to Plaintiffs' document requests, which asked for documents in Defendants' "possession, custody, or control." I replied that the documents were under Defendants' "control" because Defendants have the right, authority or practical ability to get the documents from the bank upon request.

         - You then objected to the request as overly burdensome, as you stated that getting copies of the paychecks could cost as much as $1,000. I responded that your objection was untimely, as the deadline for serving discovery objections had passed over a month ago, per Local Rule.

         - We agreed that we had reached impasse on this issue.



EXHIBIT

G

b.  <u>Request for Production 17</u>: With regard to the case of *Campos Rios v. Sweet Home Improvements, Inc., et al.*, 1:15-cv-1532-CMH-JFA (E.D. Va.), filed November 16, 2015, you stated that you had asked Defendants for documents related to that case, and they responded that they had no such documents.

c.  <u>Craigslist Ad</u>: You stated that you had asked Defendants to produce the Craigslist ads through which some of the Plaintiffs were hired, and that Defendants responded that they no longer had a way to access these ads.

d.  <u>Photographs from Miae Koo's Cell Phone</u>: You had agreed to produce legible copies of three photographs that Miae Koo had taken with her cell phone. I asked you to produce the photographs electronically, as called for in Plaintiffs' instructions regarding native format. You agreed to email me the photos tonight or tomorrow morning.

Sincerely,

**Nicholas Marritz, Staff Attorney**
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
T: 703-720-5607
F: 703-778-3454
E: nicholas@justice4all.org

2