UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| ROBERTO CLAROS et al., *Plaintiffs*, v. SWEET HOME IMPROVEMENTS, INC., et al., *Defendants* | Case No: 1:16-cv-344-AJT-MSN  Hearing Date: August 26, 2016  10:00 a.m. |

## NOTICE AND MOTION FOR ORDER TO SHOW CAUSE

PLEASE TAKE NOTICE that on August 26, 2016 at 10:00 a.m., or as soon thereafter as the matter may be heard, plaintiffs Roberto Claros, José Claros, and Hector Antonio Andrade,[1] by counsel, will move this court for an Order to Show Cause against all defendants. In support of this motion, plaintiffs Claros, Claros and Andrade respectfully represent as follows:

1.  On August 8, 2016, this court ordered defendants to turn over certain bank records by 5:00pm on Friday, August 12, 2016. *See* Dkt. #33. As of the date of filing this motion, no such records have been produced.

2.  Defendants stated in their Response in Opposition to Motion for Order to Show Cause [Dkt. #30] that "Defendants are unable to comply with the present request for obtaining bank record due to problems with the bank when Defendants closed the account. Basically, there were disputes regarding fees charged by bank and they will not release any record unless these charges are resolved."

---

[1] Plaintiffs Osbaldo Lopez, Mario Herrera Macurán, and Fredy Zamorano have settled their claims against the defendants, and are in the process of obtaining the necessary signatures on the settlement agreement.

Footnote continued on next page

3.      At a 30(b)(6) deposition on August 16, 2016, Mr. Myung Koo, sitting as 30(b)(6) designee for defendant Sweet Home Improvements, Inc., repeated this assertion and stated that the amount in dispute was about $1400.[2] This is less than one-quarter of the amount this court has already awarded in sanctions for defendants' failure to produce the documents. *See* Dkt. #33.

4.      On August 17, 2016, the undersigned called the BB&T branch where the records had been maintained. A BB&T bank representative told the undersigned that the bank's general policy was not to require payment of the full past-due amount before releasing records of closed bank accounts, but only to require that the former account-holder enter into a repayment plan and begin making payments; and furthermore that corporate headquarters had the discretion on a case-by-case basis to overrule this policy and release records without the former account-holder making any payments whatsoever.

5.      These records are central to the case at hand. This is a wage-and-hour case. The damages should be subject to precise mathematical calculation. However, in order to make such a calculation, the fact-finder must first determine how many weeks of work were unpaid. The bank records at issue would definitively prove which weeks were and were not paid to each plaintiff. This is a fact in direct controversy in the case, as Mr. Koo stated at the 30(b)(6) deposition that he does not agree with the plaintiffs' statements that they are owed various weeks of pay, and instead believes each one to be owed only one week of wages.

6.      In addition, about three-quarters of the way through the 30(b)(6) deposition, Mr. Koo showed photos and videos on his cell phone that are clearly responsive to other discovery requests, but had never been produced in discovery. The photos and videos purported to show

---

[2] A deposition transcript will be available on or about August 31.

-3-

poor work by plaintiffs Claros, Claros and Andrade, apparently as a defense to plaintiffs' state-law breach of contract claims.  Defendants' attorney, Jason Huh, made clear by his surprise that he was not aware of the existence of these photos or videos prior to Mr. Koo showing them at the deposition.  From reviewing the cell phone, it was apparent that the photos and videos were texted to Mr. Koo from his wife, defendant Miae Koo, the very morning of the deposition.

      7.      It is clear, therefore, that none of the defendants are taking their discovery obligations in this case seriously.  Admonitions to their counsel, Mr. Huh, have not had the desired effect; nor has the entry of nearly $9,000 in sanctions.  It appears that the defendants are simply not listening to their attorney and/or not being candid with their attorney when they describe to him their efforts to search for responsive documents.

      8.      For this reason, plaintiffs Roberto Claros, José Claros, and Hector Antonio Andrade request that this court require all defendants to personally appear in court on Friday, August 26, 2016, at 10:00am, to show cause why they should not be held in contempt.

      WHEREFORE, plaintiffs Roberto Claros, José Claros, and Hector Antonio Andrade request that this court order defendants Myung Koo and Miae Koo, and defendant Sweet Home Improvements, Inc. by its representative Myung Koo, to personally appear in court on Friday, August 26, 2016, at 10:00am, to show cause why they should not be held in contempt.

      Plaintiffs Roberto Claros, José Claros, and Hector Antonio Andrade furthermore will move the court for the following *in limine* relief, as sanctions for defendants' blatant discovery violations:

      (a)      If defendants do not produce the required bank records by one week prior to the close of discovery, defendants should be prohibited from offering any evidence or testimony to controvert the plaintiffs' evidence and testimony of which weeks they were or were not paid.

(b)     Defendants should be prohibited from offering into evidence any document or record, including but not limited to photographs and videos, not provided in discovery to plaintiffs prior to the beginning of the 30(b)(6) deposition on August 16, 2016.

(c)     Plaintiffs Roberto Claros, José Claros, and Hector Antonio Andrade also request their costs and reasonable attorney's fees in bringing the instant motion.

Respectfully submitted,

LEGAL AID JUSTICE CENTER

//s//                                                                           Date: 8/17/2016
Simon Sandoval-Moshenberg (VSB No. 77110)
Nicholas Cooper Marritz (VSB No. 89795)
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5605
Fax: (703) 778-3454
simon@justice4all.org
*Attorneys for Plaintiffs*

---

**Certificate of Service**

I hereby certify that on this date, I uploaded the foregoing Notice and Motion for Order to Show Cause to the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to all counsel of record:

>Jason Jin Huh
>Law Office of Jason J. Huh, PLLC
>4101 Chain Bridge Road, Suite 214
>Fairfax, VA 22030
>attorneyhuh24@gmail.com
>*Counsel for Defendants*

//s//                                                                           Date: 8/17/2016
Simon Sandoval-Moshenberg (VSB No. 77110)