UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

ROBERTO CLAROS et al.,

    *Plaintiffs*,

    v.

SWEET HOME IMPROVEMENTS, INC. et al.,

    *Defendants*

**Case No:** 1:16-cv-344-AJT-MSN

## Memorandum in Support of Unopposed Motion for Approval of Individual Settlements by Plaintiffs Osbaldo Lopez, Fredy Zamorano, and Mario Herrera Macurán

Plaintiffs Osbaldo Lopez, Fredy Zamorano, and Mario Herrera Macurán ("the Settling Plaintiffs") have reached an agreement to settle their claims against Defendants Myung Kwan Koo and Sweet Home Improvements, Inc. ("the Settling Defendants") (collectively, "the settling parties"). The proposed settlement agreement is attached as **Exhibit A**.

Because the lawsuit includes claims under the Fair Labor Standards Act, the settling parties must submit their proposed settlement agreement for Court approval so that the Court may determine whether it is fair and reasonable. For the reasons that follow, the parties believe that the proposed settlement meets this standard of fairness.

### Legal Standard

Parties who wish to settle a worker's FLSA claims must first submit their proposed settlement for court approval. *See Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 371 (4th Cir. 2005); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

If the proposed settlement reflects a "reasonable compromise over issues, such as FLSA

1

coverage or computation of back wages, that are actually in dispute," then the court should approve it. *Lynn's Food*, 679 F.2d at 1354.

To assess whether a proposed settlement is reasonable, courts should consider five factors:

> (1) The extent of discovery that has taken place;
>
> (2) The stage of the proceedings, including the complexity, expense and likely duration of the litigation;
>
> (3) The absence of fraud or collusion in the settlement;
>
> (4) The experience of counsel who have represented the plaintiffs;
>
> (5) The probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.
>
> [*Galvez v. Americlean Servs. Corp.*, No. 1:11-cv-1351-JCC-TCB, 2012 WL 2522814, at *1 (E.D. Va. June 29, 2012).]

An analysis of these factors confirms that the settling parties' proposed settlement is fair, and that the Court should approve it.

**Analysis**

**A. The parties have conducted enough discovery to fairly evaluate the issues that will decide the case.**

The reason for evaluating the extent of discovery is so that the court can see whether the parties have had a chance to fairly evaluate issues such as liability and damages: the more discovery that has taken place, the more likely the parties' proposed settlement is to be fair. Here, the discovery period began on April 29 and closes in three weeks on September 9. (Order, ECF No. 9). The Settling Plaintiffs' discovery efforts have been extensive, and have included interrogatories, document requests, requests for admissions, and a 30(b)(6) deposition. As such, the settling parties have had an adequate chance to preview the likely issues in the case and evaluate the value of the Settling Plaintiffs' claims. Thus, this factor weighs in favor of approving the settlement.

2

**B. Settlement at this stage will allow the parties to avoid the time and expense of summary judgment and trial on these three plaintiffs' claims.**

As noted, the Settling Plaintiffs have conducted extensive discovery at this stage, sufficient to preview much of the evidence that the settling parties would have presented in summary judgment motions and at trial. Settling these claims will eliminate the time and expense of those labor-intensive proceedings.

**C. There is no evidence of fraud or collusion between counsel.**

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Galvez*, 2012 WL 2522814, at *2 (citation omitted). Nothing suggests that the settling parties' agreement is the product of fraud or collusion. Rather, the settling parties agreed to it after engaging in informed, arms-length negotiations. Thus, this factor favors approval of the settlement as well.

**D. The settling parties' counsel are competent and well-experienced.**

Counsel representing both the Settling Plaintiffs and the Settling Defendants are competent and well-experienced. Both of the Settling Plaintiffs' attorneys have litigated FLSA cases in this District. *See, e.g.*, *Galvez v. Americlean Servs. Corp.*, No. 1:11-cv-1351-JCC-TCB (filed December 14, 2011); *Avila Flores v. Rababeh*, No. 1:15-cv-1415-TSE-TCB (filed October 30, 2015). The Settling Defendants' counsel is also an experienced litigator. He spent 11 years as an attorney with Pennsylvania's Office of Inspector General, and his current practice includes significant civil litigation as well. *See* website of Law Office of Jason J. Huh, PLLC, "Attorney Profile," http://www.attorneyhuh24.com/profile (last accessed August 19, 2016).

**E. The parties have adequately evaluated the Settling Plaintiffs' likelihood of success, and the amount of the settlement in relation to the potential recovery is large.**

As noted above, the settling parties have conducted sufficient discovery to gauge their relative likelihood of success on the merits. More importantly, the amount of the settlement in relation to the Settling Plaintiffs' potential recovery is large—88% of full value. *See* Plaintiffs' Rule 26(a)(1) Initial Disclosures, attached as **Exhibit B**.

- Based on the evidence available to them, the Settling Plaintiffs estimate the full value of Osbaldo Lopez's claims at trial at $1,518.75. The settling parties propose settlement for $1,335, or 88% of full value. Indeed, this amount is greater than the portion of Mr. Lopez's damages that arises under the FLSA ($1,216.75). Thus, this amount is fair and reasonable.

- Based on the evidence available to them, Plaintiffs estimate the full value of Fredy Zamorano's claims at trial at $1,780. The parties propose settlement for $1,566, or 88% of full value. Thus, this amount is fair and reasonable.

- Based on the evidence available to them, Plaintiffs estimate the full value of Mario Herrera Macurán's claims at trial at $1,955. The parties propose settlement for $1,720, or 88% of full value. Thus, this amount is fair and reasonable.

**Attorney's Fees and Costs**

Defendants have agreed to pay Plaintiffs' counsel a reasonable attorney's fee for time spent on drafting the complaint and consulting with the Settling Plaintiffs.[1] Defendants will pay $3,600 in fees: 11.25 hours, at an hourly rate of $320 per hour. Defendants will also pay $216 in costs, which is the Settling Plaintiffs' share of the costs of filing and serving the lawsuit. As shown in the attached Declaration of Nicholas Marritz, attached as **Exhibit C**, these amounts are fair and reasonable under the circumstances.

---

[1] At this time, Plaintiffs are seeking attorney's fees for the drafting of the complaint and for consultations with the Settling Plaintiffs *only*. The remaining Plaintiffs will also seek their attorney's fees at an appropriate time.

## Conclusion

Courts scrutinize FLSA settlements in order to ensure that employers are not bullying their employees into settling for wages that Congress deems illegally low. Here, the parties sincerely dispute whether the FLSA applies at all, and what Plaintiffs' damages might be if it does. Defendants are willing to pay the Settling Plaintiffs a significant amount—88% of the full value of their claims, plus their share of attorney's fees and costs—in order to resolve these matters without further litigation. For all the reasons described above, the proposed settlement is fundamentally fair and reasonable, and the parties ask that the court approve it without delay.

Respectfully submitted,

/s/ Nicholas Cooper Marritz                                         August 25, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*

**Certificate of Service**

I hereby certify that on August 25, 2016, I uploaded the foregoing *Memorandum in Support of Unopposed Motion for Approval of Individual Settlements by Plaintiffs Osbaldo Lopez, Fredy Zamorano, and Mario Herrera Macurán*, along with its accompanying exhibits, to the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to Defendants' counsel of record:

>Jason Jin Huh
>Law Office of Jason J. Huh, PLLC
>4101 Chain Bridge Road, Suite 214
>Fairfax, VA 22030
>attorneyhuh24@gmail.com
>*Counsel for Defendants*


/s/ Nicholas Cooper Marritz                              August 25, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*