## Settlement Agreement re: Osbaldo Lopez, Fredy Zamorano, Mario Herrera Macurán ONLY

### RECITALS

WHEREAS, the individuals Roberto Claros, Jose Claros, Fredy Zamorano, Osbaldo Lopez, Hector Antonio Andrade, and Mario Herrerz Macurán ("the Six Plaintiffs") have brought a lawsuit against Sweet Home Improvements, Inc., Myung Koo, and Miae Koo ("the Defendants"), Case No. 1:16-cv-00344-AJT-MSN (E.D. Va., Alexandria Div.), claiming unpaid wages; and

WHEREAS, the Defendants deny liability to any of the Six Plaintiffs; and

WHEREAS, the Defendants wish to settle with plaintiffs Osbaldo Lopez, Mario Herrera Macurán, and Fredy Zamorano ("the Settling Plaintiffs") only, in order to avoid the expense and burden of further litigation; and

WHEREAS, the Defendants do not wish to settle with Roberto Claros, José Claros, or Hector Antonio Andrade ("the Continuing Plaintiffs");

THEREFORE, it is agreed as follows:

### SETTLEMENT AGREEMENT

1. Defendants, jointly and severally, will pay to the Settling Plaintiffs the total sum of $8,437.00, in full settlement of their claims. This represents $1,335.00 in damages to Osbaldo Lopez; $1,720.00 in damages to Mario Herrera Macurán; $1,566.00 in damages to Fredy Zamorano; $3,600.00 in attorney's fees; and $216.00 in costs. Payment shall be made by cash or certified funds, made out to "Legal Aid Justice Center Client Trust Account," and delivered to 6066 Leesburg Pike #520, Falls Church VA 22041, on the following schedule:

   a. On or before 9/16/2016: $2,400.00
   b. On or before 10/30/2016: $2,000.00
   c. On or before 11/30/2016: $2,000.00
   d. On or before 12/30/2016: $2,037.00

2. In the event that Defendants fail to timely make any of the above-listed payments, the Settling Plaintiffs, by counsel, shall send a delinquency notice to Defendants' counsel by electronic mail to attorneyhuh24@gmail.com. The notice shall specify the delinquent amount. Defendants may avoid a default by paying the delinquent amount to Plaintiffs within five (5) business days of the date upon which the delinquency notice was sent by electronic mail. In the event that Defendants fail to make such payment within the five (5) business days, Defendants will be in default of this agreement, and the unpaid portion of the total settlement amount shall

be immediately due and payable with simple interest of six percent (6%) per annum accruing from the date of default.

3. In addition, in the event of litigation to enforce this agreement, the non-breaching party shall be entitled to costs of suit and reasonable attorney's fees of $320.00/hour. Any litigation to enforce this agreement shall take place only in Fairfax County or Alexandria City, Virginia.

4. Within 3 business days of receiving the initial $2400.00 payment listed above, the Settling Plaintiffs will file a dismissal with prejudice, as to their claims only, but not as to the Continuing Plaintiffs, in the matter of Case No. 1:16-cv-00344-AJT-MSN (E.D. Va., Alexandria Div.). The Settling Plaintiffs agree that this dismissal with prejudice will serve as a general release of all of their possible claims, both pled and unpled, arising prior to the date of execution of this agreement.

5. All parties to this agreement understand that the Continuing Plaintiffs will continue their litigation in the matter of Case No. 1:16-cv-00344-AJT-MSN (E.D. Va., Alexandria Div.). All parties to this agreement understand that the Continuing Plaintiffs will continue to seek a full award of all attorney's fees and costs expended in that litigation, as well as their damages; however, all parties agree that should the Continuing Plaintiffs (or any one of them) be awarded costs or attorney's fees in that litigation, the Defendants will be entitled to a credit in the amount of attorney's fees and costs actually paid pursuant to this agreement.

6. Defendants agree that this settlement agreement in no way affects the order of the court (Nachmanoff, M.J.), entered on August 8, 2016 [Dkt. #33], ordering sanctions in the amount of $8,960.00; and that the $3,600.00 in attorney's fees contemplated in this settlement agreement are expressly agreed and understood to be compensation for time spent by the Settling Plaintiffs' attorneys that is not duplicative of the attorney's time for which fees were awarded in sanctions.

7. The Defendants hereby release the Settling Plaintiffs from all claims, known and unknown, arising prior to the date of execution of this agreement.

8. The parties agree that this agreement is made solely to resolve disputes, and there is no admission of fault by any party of any liability or of any contention or allegation made by any other party.

9. This agreement shall be governed by and subject to the laws of the Commonwealth of Virginia. In the event that one or more of the provisions of this agreement shall for any reason be held to be illegal or unenforceable, this Agreement shall be revised only to the extent necessary to make such provision(s) legal and enforceable.

10. This agreement constitutes and contains the entire agreement and understanding concerning the Settling Plaintiffs' claims against the Defendants, as well as any other subject matters addressed herein, and supersedes and replaces all prior negotiations and all prior agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof. Any amendment or modification to this Agreement must be made in writing and signed by the Settling Plaintiffs and a duly appointed representative of the Defendants.

11. The drafting of this Agreement shall be deemed a mutual endeavor by all parties, all of whom were represented by competent counsel in drafting this agreement, and shall not be construed against any single party as the drafter. This agreement may be signed in counterparts, and a photocopy shall bear the same effect as an original.

12. The parties acknowledge that they have read the foregoing agreement, understand its contents, and have consulted with and had the benefit of legal counsel, and accept and agree to the provisions it contains and hereby execute it voluntarily and with full understanding of its consequences.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES COMPLETE RELEASES BY ALL PARTIES OF ALL KNOWN AND UNKNOWN CLAIMS.**

*AGREED:*

_____  8/17/2016
Osbaldo Lopez             Date

MARIO H. MACURAN  08/18/2016
Mario Herrera Macurán    Date

_____  8/16/2016
Fredy Zamorano           Date

_____  8/16/16
Myung Koo,               Date
in his individual capacity

_____  8/16/16
Sweet Home Improvements, Inc.,  Date
by its President, Myung Koo, by authority