UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

ROBERTO CLAROS et al.,

    *Plaintiffs*,

    v.

SWEET HOME IMPROVEMENTS, INC., et al.,

    *Defendants*

**Case No:** 1:16-cv-344-AJT-MSN

**Hearing Date**: September 2, 2016
10:00 a.m.

**Memorandum in Support of Motion for Order to Show Cause**

On July 8, this Court ordered Defendants to produce certain highly-probative bank records that Plaintiffs had requested in discovery. The Court ordered Defendants to produce these records by July 22. Five weeks have passed since the Court's deadline. But as of this filing, Defendants have still not produced any of the records.

Moreover, at the corporate Defendant's 30(b)(6) deposition, Defendant Myung Kwan Koo showed Plaintiffs' counsel several documents on his cell phone, including photographs, videos, and text messages. Mr. Koo testified that his wife, Defendant Miae Koo, had sent him these documents via text message the very morning of the deposition. None of these documents were produced in discovery. *See* Plaintiffs' Notice and Motion for Order to Show Cause, ECF No. 34 at 2–3.

In the face of these blatant discovery violations, Plaintiffs moved the Court for an order requiring Defendants to personally appear and show cause why they should not be held in contempt. *Id.*

On August 23, the Court held a telephone conference with the parties and instructed Plaintiffs to advise the Court in detail of the sanctions they request. For the reasons that follow, Plaintiffs ask that the Court impose the following sanctions:

- If the Defendants have not produced the bank records by the September 2 hearing, prohibit Defendants from offering any evidence or testimony at trial to controvert Plaintiffs' evidence and testimony regarding which weeks they worked and how much they were paid for those weeks.

- Prohibit Defendants from offering into evidence any document not provided to Plaintiffs in discovery prior to August 16.

- Award Plaintiffs the costs and fees of this motion.

**Argument**

A party's failure to obey a court's discovery order is governed by Civil Rule 37(b), which authorizes the court to sanction the non-complying party via "further just orders" of varying severity. One such punishment is "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). The disobedient party must also pay the reasonable expenses incurred by the other party (including attorney's fees) as a result of its failure to obey. Fed. R. Civ. P. 37(b)(2)(C). Both sanctions are appropriate here.

**A. Because Defendants refuse to produce records showing the weeks that Plaintiffs worked and the wages they were paid, the Court should prohibit Defendants from contradicting Plaintiffs' evidence on those matters.**

In determining the proper sanctions to impose, the court should balance the need to enforce its discovery orders with the disobedient party's right to a fair day in court. *See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc's, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Plaintiffs' proposed sanction strikes the appropriate balance, for two reasons:

First, Plaintiffs' proposed sanction is properly tailored to Defendants' discovery violation. This is a wage-and-hour case. As such, the Plaintiffs have the burden of proving the weeks they

worked and the wages they were or were not paid. By Defendants' own admission, the bank records will show the precise weeks that the Plaintiffs worked and how much they were paid. Because Defendants have such probative and precise evidence in their control but refuse to produce it, they should not be able to offer less-reliable evidence at trial, such as the testimony of Sweet Home's corporate officers. Plaintiffs will still have to meet their burden of proof on those matters—but Defendants will be unable to profit from their own wrongdoing. Thus, Plaintiffs' proposed sanction is reasonable and fair.

Second, the Court's less-drastic sanctions have proven ineffective. Defendants have already been ordered—twice—to produce the records, and to pay a substantial money sanction for not doing so. Those sanctions didn't work; Defendants still have not produced the records. Thus, Plaintiffs propose this more-serious sanction: since Defendants refuse to produce highly-probative documents, the court should bar them from opposing Plaintiffs' evidence at trial on the issues embraced by the documents they refuse to produce. *See Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 765–67 (E.D. Va. 2014) (where money sanctions were ineffective, greater sanctions—including this one—were appropriate).

For both of these reasons, this proposed sanction is fair and reasonable.

**B. Defendants should be barred from introducing at trial documents they did not produce prior to Sweet Home's 30(b)(6) deposition on August 16.**

At the corporate Defendant's 30(b)(6) deposition, Defendant Myung Kwan Koo for the first time showed Plaintiffs' counsel photographs, videos, and text messages that he claimed showed poor work that one or more Plaintiffs had performed. *See* Deposition Excerpts of Corporate Designee Myung Kwan Koo, Aug. 16, 2016, attached as **Exhibit A**, at 218:2–21; *id.* at 223:6–224:15. Defendants had not produced any of these documents before the deposition. Mr. Koo testified that he uses the cell phone belonging to his wife, Defendant Miae Koo, as a backup system for important information, which he would send to her phone via text message. *Id.* at

227:12–17. Mr. Koo also testified that he had instructed Mrs. Koo to send him these documents that very morning of the deposition. *Id.* at 224:17–225:6.

Defendants presumably wish to use these documents as part of a defense to Plaintiffs' state-law breach-of-contract action. But Defendants never disclosed these documents in their initial disclosures,[1] nor did they produce the documents in response to discovery requests that clearly encompassed them.[2] As a result, Plaintiffs could not effectively question Mr. Koo about these documents at the 30(b)(6) deposition.

Even if Defendants were to produce additional responsive documents now, this would by no means cure the prejudice to Plaintiffs: First, the deadline to produce responsive documents was June 6—nearly three months ago. Second, Plaintiffs would have to spend substantial time and money in order to depose Mr. Koo a second time in order to ask him about the additional documents produced; as indigent day laborers, Plaintiffs should not be made to pay for a second deposition to ask about documents that should have been provided months before the first one. Finally, Plaintiffs would still have no assurances that Defendants had in fact produced all responsive documents in their control—a risk they should not have to bear less than two weeks before the close of discovery.

Plaintiffs served their document requests on May 4. If responsive documents have not been produced by now, the Court should not allow them to be introduced at all. Accordingly, Plaintiffs ask that the Court prohibit Defendants from using at trial any documents not produced in advance of Sweet Home's 30(b)(6) deposition.

---

[1] *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring parties to disclose all documents they may use at trial in support of any claim or defense); *and* ECF No. 17 (Defendants' initial disclosures).

[2] *See, e.g.* Roberto Claros's Document Request No. 11 (all documents relating to the substance of any party's claims or defenses) and No. 13 (all documents that Defendants contend support their defenses), ECF No. 19-1 at 28.

**C. Defendants must pay Plaintiffs' reasonable expenses in bringing this motion.**

Under Rule 37(b)(3), where a party disobeys a discovery order, the district court must order the disobedient party to pay any reasonable expenses caused by the failure, including attorney's fees. As Defendants have provided no justification for their ongoing disobedience of this Court's orders, Plaintiffs ask that the Court order Defendants to pay Plaintiffs' reasonable expenses, including attorney's fees, incurred in connection with this Motion.

**Conclusion**

Defendants have shown a persistent unwillingness to take their discovery obligations seriously. First they failed to produce responsive bank records despite two court orders and sanctions of nearly $9,000. Then they tried to introduce a series of responsive photos, videos, and text messages for the first time at deposition. The Court should make clear that these decisions carry consequences, and should impose the sanctions that Plaintiffs seek.

Respectfully submitted,

/s/ Nicholas Cooper Marritz                                                                                               August 30, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*

**Certificate of Service**

I certify that on August 30, 2016, I uploaded the foregoing *Memorandum in Support of Motion for Order to Show Cause* to the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to Defendants' counsel of record:

>Jason Jin Huh
>Law Office of Jason J. Huh, PLLC
>4101 Chain Bridge Road, Suite 214
>Fairfax, VA 22030
>attorneyhuh24@gmail.com
>*Counsel for Defendants*

/s/ Nicholas Cooper Marritz                               Date: August 30, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*