UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

ROBERTO CLAROS et al.,

    *Plaintiffs*,

v.

SWEET HOME IMPROVEMENTS, INC., et al.,

    *Defendants*

Case No: 1:16-CV-344-AJT-MSN

Hearing Date: October 14, 2016
10:00 a.m.

**Plaintiffs' Statement of Facts
in Support of Motion for Summary Judgment**

Plaintiffs respectfully submit the following Statement of Facts ("PSF") in support of their motion for summary judgment.

1. Defendant Sweet Home Improvements, Inc. is a Virginia corporation that provides residential construction and renovation services to customers in Virginia, Maryland, and the District of Columbia. Ex. 1, Amended Complaint at ¶¶9 and 20; Ex. 2, Answer to Amended Complaint at ¶¶9 and 20.
2. The corporation's day-to-day operations are run by its two principals, Defendants Myung Koo and Miae Koo. Ex. 1, Amended Complaint at ¶15; Ex. 2, Answer to Amended Complaint at ¶15.
3. Plaintiffs worked for Sweet Home as hourly laborers in 2015, performing construction and remodeling work for Sweet Home clients on a full-time basis. Ex. 3, Declaration of José

1

Claros ("J. Claros Decl.") at ¶¶2–6; Ex. 4, Declaration of Roberto Claros ("R. Claros Decl.") at ¶¶2–6; Ex. 5, Declaration of Hector Andrade ("Andrade Decl.") at ¶¶2–5.

4. José Claros's supervisor was Defendant Myung Koo. Ex. 6, Excerpts of 30(b)(6) Deposition of Sweet Home Improvements, Inc. Designee Myung Koo ("Koo Dep.") at 46:1–5; 50:1–3; Ex. 7, Defs.' Supp. Responses to José Claros's First Set of Discovery Requests to All Defendants ("Defs.' Supp. Responses to J. Claros"), answer to Interrogatory 10.

5. Myung Koo communicated with José Claros every day, multiple times a day, by telephone, text message, or in person. Ex. 6, 30(b)(6) Dep. at 182:4–17.

6. Myung Koo determined where José Claros would work each day. Ex. 6, Koo Dep. at 182:18–183:11.

7. Myung Koo visited José Claros's job sites every day. Ex. 6, Koo Dep. at 201:9–17.

8. Myung Koo monitored the progress of José Claros's work for Sweet Home. Ex. 6, Koo Dep. at 183:15–17.

9. Myung Koo examined José Claros's work for errors. Ex. 6, Koo Dep. at 183:21–184:2.

10. Roberto Claros always worked alongside his brother, José Claros. *See* Ex. 8, Defs.' Initial Responses to R. Claros, Answers to Interrogatory Nos. 4 and 17; R. Claros Decl. at. ¶5.

11. Myung Koo supervised Roberto Claros. Ex. 6, Koo Dep. at 46:10–1; 50:4–10.; Ex. 8, Defs.' Initial Responses to R. Claros, answer to Interrogatories 10–11.

12. Myung Koo usually transmitted his supervisory instructions to Roberto through José, because José and Mr. Koo speak English while Roberto does not. Ex. 3, J. Claros Decl. at ¶7; Ex. 4, R. Claros Decl. at ¶8. Ex. 6, Koo Dep. at 50:1–10; 206:4–14; Ex. 8, Defs.' Initial Responses to R. Claros, answer to Interrogatories 10–11.

13. Myung Koo was responsible for all supervision on the Claros brothers' projects, and both Roberto and José Claros answered to Mr. Koo. Ex. 8, Defs.' Initial Responses to R. Claros, answer to Interrogatories 10–11.

14. Myung Koo supervised Hector Andrade. Ex. 6, Koo Dep. at 52:5–6; Ex. 9, Defs'. Initial Responses to Hector Andrade's First Set of Discovery Requests ("Defs.' Initial Responses to Andrade"), answer to Interrogatories 10, 11, and 17; Koo Dep. at 216:13–14.

15. Myung Koo regularly visited Hector Andrade's work sites, sometimes multiple times per day. Ex. 6, Koo Dep. at 216:15–21; Ex. 9, Defs'. Initial Responses to H. Andrade, answer to Interrogatory 17.

16. José Claros's agreed-upon rate of compensation was $22 per hour. Ex. 3, J. Claros Decl. at ¶3; Ex. 10, Defendants' Initial Responses to José Claros's First Set of Discovery Requests to All Defendants ("Defs.' Initial Responses to J. Claros)," answer to Interrogatory 5.

17. Roberto Claros's agreed-upon rate of compensation was $18 per hour. Ex. 4, R. Claros Decl. at ¶4; Ex. 8, Defs.' Initial Responses to R. Claros, answer to Interrogatory 5.

18. Hector Andrade's agreed-upon rate of compensation was $25 per hour. Ex. 5, Andrade Decl. at ¶3; Ex. 6, Koo Dep. at 216:4–9; Ex. 9, Defs.' Initial Responses to Andrade, answer to Interrogatory 5.

19. José Claros would submit timesheets to Defendants stating his and his brother's hours, and Defendants would pay as requested. Ex. 3, J. Claros Decl. at ¶9; Ex. 4, R. Claros Decl. at ¶9 Ex. 6, Koo Dep. at 194:7–10; 205:14–20; Ex. 7, Defs.' Supp. Responses to J. Claros, answer to Interrogatory 5.

20. Hector Andrade would submit his hours to Defendants each week by text message, and Defendants would pay him as requested. Ex. 5, Andrade Decl. at ¶13; Ex. 6, Koo Dep. at 227:18–228:6.

21. Plaintiffs had no material investment in Sweet Home Improvements and were only responsible for labor. All materials were provided either by Defendants or by the homeowner. Ex. 8, Defs.' Initial Responses to R. Claros, answer to Interrogatory 16; Ex. 9, Defs.' Initial Responses to Andrade, answer to Interrogatory 16; Ex. 10, Defs.' Initial Responses to J. Claros, answer to Interrogatory 16.

22. If Plaintiffs needed extra materials, they would contact Mr. Koo, who would pay for the materials with a company Visa card. Ex. 7, Defs.' Supp. Responses to J. Claros, answer to interrogatory 16; Ex. 11, Defs.' Supp. Responses to R. Claros, answer to interrogatory 16; Ex. 12, Defs.' Supp. Responses to Andrade, answer to Interrogatory 16.

23. Defendants occasionally assigned inexperienced workers ("helpers") to work alongside Hector Andrade. Mr. Andrade did not know the helpers. Myung Koo set their wage rates, not Mr. Andrade. They reported their own hours directly to Mr. Koo at the end of the workday. Mr. Andrade did not pay them. Mr. Andrade did not have independent firing power over them; he had to check with Mr. Koo. On one occasion, Mr. Koo assigned two helpers to a job with Mr. Andrade, but they were not doing a good job. Mr. Andrade called Mr. Koo and asked what he should do, and Mr. Koo said to fire them. Mr. Andrade asked if he could choose his own helpers, but Mr. Koo said no. Ex. 5, Andrade Decl. at ¶¶9–11.

24. Roberto Claros did not hire, pay, or supervise any workers. Ex. 4, R. Claros Decl. at ¶7.

25. Roberto Claros was hired by Myung Koo. Ex. 3, J. Claros Decl. at ¶4; Ex. 4, R. Claros Decl. at ¶4; Ex. 8, Defs.' Initial Responses to R. Claros, answer to Interrogatory 3.

26. Myung Koo paid Roberto Claros directly. Ex. 3, J. Claros Decl. at ¶9; Ex. 4, R. Claros Decl. at ¶¶9–10; Ex. 4-A, Photographs of carbon copies of Sweet Home paychecks made out to Roberto Claros.

27. Myung Koo determined the wages that Roberto Claros would receive in each paycheck. Ex. 8, Defs.' Supp. Responses to R. Claros, answer to Interrogatory 9.

28. Only Myung Koo could fire Roberto Claros. Ex. 6, Koo Dep. at 45:6–14.

29. Defendants hired Plaintiffs to perform various kinds of residential construction and remodeling work such as carpentry, plumbing, electrical work, framing, and installing insulation. Ex. 3, J. Claros Decl. at ¶6; Ex. 4, R. Claros Decl. at ¶6; Ex. 5, Andrade Decl. at ¶5.

30. Throughout their employment with Sweet Home, Plaintiffs worked on a full-time basis, regularly working more than 40 hours a week. Ex. 3, J. Claros Decl. at ¶5; Ex. 4, R. Claros Decl. at ¶5; Ex. 5, Andrade Decl. at ¶7.

31. Myung Koo claims that he reprimanded José and Roberto Claros for working for another employer/contractor during "company time." Ex. 7, Defs.' Supp. Responses to J. Claros, answer to Interrogatory 12; Ex. 11, Defs.' Supp. Responses to R. Claros, answer to Interrogatory 12.

32. At all relevant times, Sweet Home had an annual gross volume of business of over $500,000. Ex. 1, Amended Complaint at ¶21; Ex. 2, Answer to Amended Complaint at ¶21.

33. Defendants did not pay José Claros or Roberto Claros any wages for four consecutive weeks of work, comprising approximately the month of August 2015. Ex. 3, J. Claros Decl. at ¶13; Ex. 4, R. Claros Decl. at ¶13.

34. During each of these four weeks, José Claros and Roberto Claros estimate that they worked for Defendants about nine or ten hours a day Monday through Friday, plus about three additional hours each week. Ex. 3, J. Claros Decl. at ¶14; Ex. 4, R. Claros Decl. at ¶14.

35. José Claros and Roberto Claros were supposed to receive a 30-minute break per workday, but they were often not able to take their break. Ex. 3, J. Claros Decl. at ¶15; Ex. 4, R. Claros Decl. at ¶15.

36. Defendants failed to pay Hector Andrade any wages for four consecutive weeks of work, comprising approximately the month of May 2015. Ex. 5, Andrade Decl. at ¶15.

37. Hector Andrade kept records of his work hours in the form of weekly text messages on his cell phone. Ex. 5, Andrade Decl. at ¶15.

38. These messages show the following unpaid hours per week:

    May 4 – May 10: 51 hours

    May 11 – May 17: 53 hours

    May 18 – May 24: 34 hours

Ex. 5, Andrade Decl. at ¶21; Ex. 5-A, Printouts of text messages between Plaintiff Hector Andrade and Defendant Myung Koo

39. Hector Andrade did not record his hours of his last week of work, but he estimates that he worked about 52 hours that week. Ex. 5, Andrade Decl. at ¶17.

40. Myung Koo has the sole power to hire and fire Sweet Home construction workers. Ex. 6, Koo Dep. at 45:6–14.

41. Myung Koo supervises Sweet Home's construction workers, and supervised the Plaintiffs. Ex. 6, Koo Dep. at 46:1–12; 50:1–3; 52:5–6; Ex. 8, Defs.' Initial Responses to R. Claros, answer to Interrogatory 11; Ex. 12, Defs.' Supp. Responses to Andrade, Answer to Interrogatory 10.

42. Myung Koo sets the hours of work for Sweet Home's construction workers. Ex. 6, Koo Dep. 45:15–17.

43. Myung Koo intervenes to resolve disputes between construction workers and helpers. *See* Ex. 12, Defs.' Supplemental Responses to Andrade, Answer to Interrogatory 11.

44. Myung Koo intervenes to resolve disputes between construction workers and homeowners. Ex. 6, Koo Dep. 94:12–17.

45. Myung Koo determines Sweet Home workers' rate and method of payment. Ex. 6, Koo Dep. at 45:18–19.

46. During Plaintiffs' employment, both Myung Koo and Miae Koo had the authority to sign Sweet Home workers' paychecks. Ex. 6, Koo Dep. at 52:7–19.

47. During Plaintiffs' employment, Defendant Miae Koo was responsible for all payroll recordkeeping and processing. Ex. 8, Defs.' Initial Responses to R. Claros, Answer to Interrogatory 20; Ex. 9, Defs.' Initial Responses to J. Claros, Answer to Interrogatory 20; Defs.' Initial Responses to Andrade, Answer to Interrogatory 20.

48. Myung Koo uses Miae Koo's phone as a backup system to store important Sweet Home documents. Ex. 6, Koo Dep. at 227:3–17.

49. Miae Koo was the person who performed the search for employment records in response to Plaintiffs' document requests. Ex. 6, Koo Dep. 238:22–240:9.

50. Each Plaintiff reached an agreement with Defendant Sweet Home Improvements, Inc. whereby Sweet Home agreed to pay that Plaintiff an hourly wage in exchange for that Plaintiff's performing construction and remodeling work for Sweet Home. Ex. 4, J. Claros Decl. at ¶3; Ex. 4, R. Claros Decl. at ¶¶3–4; Ex. 5, Andrade Decl. at ¶3.

51. Around the end of August 2015, Sweet Home offered to pay Plaintiffs José and Roberto Claros $150 per day as an inducement not to quit and to finish the Sweet Home projects they had already started. José and Roberto Claros accepted the offer. Ex. 3, J. Claros Decl. at ¶16; Ex. 4, R. Claros Decl. at ¶16.

52. Sweet Home did not pay José or Roberto Claros for four days of work they performed under this agreement, breaching the contract. Ex. 3, J. Claros Decl. at ¶17; Ex. 4, R. Claros Decl. at ¶17.

Respectfully submitted,

/s/ Nicholas Cooper Marritz                                                    September 27, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*

**Certificate of Service**

I hereby certify that on September 27, 2016, I uploaded the foregoing *Plaintiffs' Statement of Facts in Support of Motion for Summary Judgment* to the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to Defendants' counsel of record:

>Jason Jin Huh
>Law Office of Jason J. Huh, PLLC
>4101 Chain Bridge Road, Suite 214
>Fairfax, VA 22030
>attorneyhuh24@gmail.com
>*Counsel for Defendants*

/s/ Nicholas Cooper Marritz                                  September 27, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*