Exhibit 3

Declaration of José Claros

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| ROBERTO CLAROS et al., *Plaintiffs*, v. SWEET HOME IMPROVEMENTS, INC., et al., *Defendants* | Case No: 1:16-CV-344-AJT-MSN<br><br>Hearing Date: October 14, 2016<br>10:00 a.m. |

### Declaration of José Claros

1. My name is José Claros. I am over 18 years of age and am competent to make this declaration based on my personal knowledge. I am a resident of Fairfax County, Virginia.

2. I worked for the Defendants from around mid-April to around September 11, 2015.

3. I met Defendant Myung Koo around mid-April 2015, after I answered Defendants' job posting on the classified advertising website Craigslist. Mr. Koo hired me as a construction laborer at the rate of $22 per hour, and I started work the next day.

4. About two or three weeks later, Defendants also hired my brother, Roberto Claros, and from then on we worked as a team. I was the one who got Roberto a job with the company, because I was already working there and because Roberto does not speak much English. I spoke with Mr. Koo, and he agreed to hire Roberto as a construction laborer at a rate of $18 per hour.

5. After Roberto was hired, the two of us worked as a team. Sweet Home had many projects going on in Northern Virginia, and we worked for the company on a full-time basis

throughout the period of our employment, typically working well over 40 hours each week.

6. Our work for Sweet Home included carpentry, painting, hanging drywall, and installing insulation.

7. Mr. Koo assigned us our projects and tasks each day. Mr. Koo communicated with me multiple times every day. He did not communicate with Roberto because unlike me, Roberto does not speak English. But he would give supervisory instructions to both me and Roberto, and I would pass Mr. Koo's instructions on to Roberto in Spanish.

8. On occasion, I would also arrange for a "helper" to assist us for a day or a few days, if a project needed some more hands. The helpers were people I suggested, but Mr. Koo had to approve their pay rate, because Defendants were the ones who paid them.

9. Initially, things were fine: I submitted both my hours and my brother's hours to Defendants, and Defendants would pay each of us according to our hourly rate. But Defendants paid Roberto and me separately; I was not the one who paid Roberto.

10. I received my pay from Mr. Koo directly, as check in hand.

11. These hourly wages were the only form of compensation I received for the work I performed.

12. At no time during my employment did Defendants pay me an overtime premium for any hours that I worked beyond 40 in a given week.

13. Defendants did not pay me any compensation for four weeks of work, comprising approximately the month of August 2015.

14. During this period, I estimate that I worked for Defendants about nine or ten hours a day Monday through Friday, plus about three additional hours each week. I also worked two Saturdays and two Sundays during this period, for about seven or eight hours each day, though I do not remember the precise weeks that this weekend work occurred.

15. I was also supposed to receive a 30-minute break per day. However, I was frequently unable to take my break because I would have too much work to do that day.

16. After the fourth week of non-payment, I told Mr. Koo that I intended to quit. Mr. Koo convinced me to stay long enough to wrap up the Sweet Home projects that I had already started. Mr. Koo offered to pay me $150 per day for 40 hours of work per week: 8 hours a day, Monday through Friday. I accepted the offer. But for this inducement, I would have quit right away.

17. Mr. Koo paid me properly for one week under this arrangement, from approximately August 31 to September 4, 2015. But my pay for the second week, approximately September 7–11, 2015, was short $600 (four days' pay). When Mr. Koo had not fixed the situation by the beginning of the following week, I quit for good.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 23, 2016

_____
José Claros

## Interpreter's Certification

I, Nicholas Marritz, certify that I am fluent in English and Spanish, and that I interpreted the foregoing Declaration of José Claros to the declarant faithfully and accurately, to the best of my ability.

_____  September 23, 2016
Nicholas Cooper Marritz
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org