# Exhibit 8

Defendants' Initial Responses to Roberto Claros's First
Set of Discovery Requests To All Defendants

## (Excerpts)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ROBERTO CLAROS, et al.,

Plaintiffs,

v.

SWEET HOME IMPROVEMENTS, INC.,
et al.,

Defendants

Case No. 1:16-cv-344-AJT-MSN

### Roberto Claros's First Set of Discovery Requests to All Defendants

### General Instructions

Please answer the following discovery requests in accordance with the Federal Rules of Civil Procedure, the local rules of this court, the various scheduling orders and other orders entered in this case, and the following instructions.

1. *Defendants Must Answer Separately*: Each defendant must answer interrogatories and requests for admission separately, and under penalty of perjury. Although some defendants' responses to a given interrogatory or request for admission may be identical, each defendant must answer in full, rather than stating words to the effect of "See answer of [another defendant]."

2. *Manner of Answering.* In answering these discovery requests, you must identify and disclose all of the information and all of the documents that are known or available to you, your attorneys, your agents, or any of your other representatives. If you are unable to answer any discovery request in full, please explain why you are unable to answer it, state the nature of the information or documents you cannot furnish, and answer to the fullest extent possible. If your answers are qualified in any manner, state the nature of the qualification.

3. *In Case of Ambiguity.* If in responding to these discovery requests you encounter any ambiguity in construing any request, interrogatory, instruction or definition, you must still respond to it. State specifically the matter deemed ambiguous the construction you used in responding. Rather than objecting to a request as "vague" or "ambiguous," you are invited to contact Plaintiffs' counsel to discuss a mutually-agreeable definition of the purportedly vague or ambiguous terms.

1

3. Please describe in detail the circumstances under which Roberto Claros was hired. State all relevant dates, identify who was present, describe all relevant communications, and state what each person communicated to the others.

Answer:

Roberto Claros was hired around May 3, 2015 to help out his brother Jose Claros. Rather than a carpenter, he was more like a helper who assisted in painting, digging grounds, and assisting Jose Claros. Roberto Claros was introduced by Jose Claros. Myung Koo hired him and Mi Ae Koo was also present. The agreed upon fee was $18/hour.

4. Please describe:

   a. Each location where Roberto Claros performed any work for you;
   b. The dates that he performed the work at each location;
   c. The work that he performed at each location; and
   d. Any other duties, responsibilities, obligations, and privileges that he had, or tasks he performed for you, whether at a specific location or in general.

If Roberto Claros's work, job duties, or other responsibilities changed at any time, please answer separately as to each time period, describing when the change took place; who authorized the change; and all reasons why the change occurred.

Answer:

Roberto Claros worked mostly with Jose Claros on about three projects that were close in proximity with each other.
One project involved assisting Jose Claros do framwork for a sun room in Springfield, Virginia, for Mr. Lee.
Another project involved assisting Jose Claros in deck work for Nina Derkley, in Springfield, Virginia.
The third work involved project with Mr. Martin doing _____
Defendants kept a canceled check (carbon copy) for each individuals, which tells exactly when they worked and how much was paid.  However, Defendants closed this bank account in December 2015 and have lost the carbon copies.  The bank is BB&T and located in Burke, VA, with account number 151040470. Investigation is continuing and Defendants reserve the right to supplement this response.

5. Please state Roberto Claros's agreed-upon rate of compensation and the method by which he was compensated (e.g. check or cash.) If he was compensated by more than one method, please describe fully (e.g., how much was in check and how much in cash). If the plaintiff's agreed-upon pay rate or method of payment changed at any time, state when the change occurred, the persons who authorized the change, and all reasons the change occurred.

<u>Answer:</u>

The agreed upon rate was $18/hour.  He was paid with company checks.  There was no formal paystub or W-2.  He worked as independent contractor assisting Jose Claros.  Sweet Home Improvements kept asking Roberto Claros for SSN or address.  He would not give it, despite numerous requests to do so.  This is the reason why 1099 could not be prepared and records incomplete.

9. Please identify each person who determined the wages that Roberto Claros should receive in each paycheck, and each person who signed or who had the authority to sign his paychecks during his tenure with Sweet Home. As part of your answer, if any of the foregoing changed at any time during Roberto Claros's tenure, please answer separately as to each time period, describing when the change took place; who authorized the change; and for what reasons the change was authorized.

Mr. Koo is responsible for determining wages and signs company checks.

10. Please identify all persons who supervised or inspected Roberto Claros's work at any time during his tenure at Sweet Home, or who had the authority to do so. Describe the nature of the nature of their supervisory or inspection authority. As part of your answer, if any of the foregoing changed at any time during Roberto Claros's tenure, please answer separately as to each time period, describing when the change took place; who authorized the change; and for what reasons the change was authorized.

Answer:

Mr. Koo is responsible for all job site work.

14

11. Please identify any individuals supervised by Roberto Claros, and describe the nature of his supervisory responsibilities. As part of your answer, if any of the foregoing changed at any time during Roberto Claros's tenure, please answer separately as to each time period, describing when the change took place; who authorized the change; and for what reasons the change was authorized.

<u>Answer</u>:

Mr. Koo is responsible for all supervision.  However, since Roberto Claros' brother, Jose Claros, has more experience he would direct Roberto Claros in work needed.  However, Mr. Koo would direct each work that needed to be done and everyone answered to Mr. Koo.

16. Please describe in detail any means or processes by which Roberto Claros was supposed to get supplies he needed for the work he was performing for you that day, describe how those supplies would be paid for, and identify all persons who had the authority to authorize those payments.

Answer:

Roberto Claros is only responsible for labor. All materials are provided either by owner or contractor per terms of the contract agreement.

17. For each location where Roberto Claros performed any work for you, please identify all persons who were present at that location at the same time as Roberto Claros, whether or not they were working alongside him, and state the dates that both they and Roberto Claros were present at that location. Include all persons who were not working for Sweet Home (such as the owners of the property where the work was being performed; their agents; their guests; or their family members). For each such person, please provide all known contact information. For persons who were working for Sweet Home, please identify them as a Sweet Home worker and provide their job title and the type of work they were performing at the time.

Answer:

Jose Claros was always present when Roberto Claros worked.  Sometime Darwing Rivera would also work together, as reflected in some of the request for payment submissions by Jose Claros.

21

20. If you relied on any outside source (whether a person, a document, or anything else) to determine or ensure that your payroll practices complied with federal, state, or local law, please identify all such sources, and describe fully the nature of the advice or guidance you received from that source. If the source is written, produce the document in full. As part of your answer, specifically identify all occasions on which you consulted each source, and identify and produce any documents that you provided to that source. As part of your answer, if you maintained or made available any labor/employment law posters, or other similar postings, provide a copy of all such posters or postings, and describe in detail where and when they were posted, and by whom.

Answer:

All payroll record keeping and processing was done by Mrs. Koo.

I declare, under penalty of perjury of the laws of the United States, that my answers to Plaintiff Roberto Claros's First Set of Interrogatories are true and correct. 28 U.S.C. § 1746(2).

Name: _Sweet home improvements presidents_
_Myung Kwan Koo_

Signature: _[signature]_

Executed on (date): _6/16/16_

_[signature]_

_Myung Kwan Koo_

_[signature]_

_Mi Ae Koo._