UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(ALEXANDRIA DIVISION)

| | |
|---|---|
| ROBERTO CLAROS et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>SWEET HOME IMPROVEMENTS, INC., et al.,<br><br>*Defendants* | **Case No:** 1:16-CV-344-AJT-MSN<br><br>**Hearing Date**: October 14, 2016<br>10:00 a.m. |

# Memorandum in Support of Motion to Enforce Payment of Sanctions and to Enforce Settlement Agreement

## I. Motion to Enforce Payment of Sanctions

### A. Background

Over three months ago, Plaintiffs moved this Court for an order compelling Defendants to produce highly-probative bank records that Defendants had refused to produce in discovery. (ECF No. 18). The Court granted the motion and ordered Defendants to produce the records, but declined to award attorney's fees. (ECF Nos. 25–26). When Defendants ignored the order, Plaintiffs brought a second motion to compel. (ECF No. 27). The Court granted that motion, issued a second order to produce the records, and ordered Defendants to pay Plaintiffs $8,620 in sanctions by September 7. (*See* ECF No. 33). Defendants again failed to produce the records, forcing Plaintiffs to bring a third motion. (ECF No. 34). The court granted the third motion on September 2 and ordered Defendants to pay Plaintiffs' costs of bringing it. (ECF No. 45). Counsel have agreed that Plaintiffs' reasonable attorney's fees for that motion are $1,600.[1]

---

[1] **Exhibit A**, Declaration of Nicholas Marritz ("Marritz Decl.") at ¶9; **Exhibits B and C**, Emails between Nicholas Marritz and Jason Huh.

1

Defendants have not paid any of the sanctions.[2]

### B. Relief Requested

At a minimum, Plaintiffs respectfully seek an order to have Defendants' outstanding sanctions payments reduced to judgment so that Plaintiffs may begin collections procedures. Plaintiffs also seek the fees and costs of bringing this fourth motion. Finally, Plaintiffs invite the Court to impose such additional sanctions as it may deem necessary, in its sound discretion, to ensure compliance with its orders.

## II. Motion to Enforce Settlement Agreement with Plaintiffs Lopez, Zamorano, and Herrera

### A. Background

On August 16, Defendants Myung Koo and Sweet Home Improvements, Inc. (the "Settling Defendants") signed an agreement settling their claims against Plaintiffs Osbaldo Lopez, Fredy Zamorano, and Mario Herrera Macurán (the "Settling Plaintiffs").[3] The Settling Plaintiffs countersigned, and the settling parties submitted the Agreement to the Court for its approval.[4] After scrutinizing the proposed settlement for fairness, the Court approved the Agreement.[5]

The Settling Defendants agreed to pay the Settling Plaintiffs and their counsel a total of $8,437 under the Agreement: $1,335 to Mr. Lopez, $1,566 to Mr. Zamorano, $1,720 to Mr. Herrera, and $3,816 to the Legal Aid Justice center as fees and costs.[6] The Settling Defendants agreed to pay in four installments, with the first payment—$2,400—due by September 16.[7]

---

[2] Ex. A, Marritz Decl. at ¶16.

[3] ECF No. 38–1.

[4] ECF No. 37.

[5] ECF No. 42.

[6] ECF No. 38-1 at ¶1.

[7] *Id.*

2

The Settling Plaintiffs, in turn, agreed to dismiss their claims against the Settling Defendants within three days of receiving this first payment.[8]

The Settling Defendants did not make any payment on or before the September 16 deadline.[9] On September 19, Plaintiffs' counsel sent Defendants' counsel a Notice of Delinquency as contemplated in ¶2 of the Agreement, notifying him of the overdue payment.[10] Plaintiffs' counsel reminded Defendants' counsel that per the Agreement, the Settling Defendants could still avoid a default if they made the overdue first payment within a five-business-day grace period, i.e. on or before Monday, September 26.[11] Defendants' counsel replied that he would let his clients know.[12]

The Settling Defendants did not make any payment on or before the September 26 deadline.[13] On September 28, Plaintiffs' counsel emailed Defendants' counsel to advise him that the Settling Defendants were now in default of the Agreement, meaning that the Settling Defendants' entire settlement sum of $8,437 was due immediately.[14] Plaintiffs' counsel advised Defendants' counsel that, if the Settling Defendants had not tendered full payment by 5:00 p.m. on Friday, September 30, Plaintiffs would move the Court to enforce the Agreement.[15]

---

[8] *Id.* at ¶4; *See also* ECF No. 42 (ordering the Settling Plaintiffs to dismiss their claims "in accordance with the parties' Settlement Agreement.")

[9] Ex. A, Marritz Decl. at ¶20.

[10] *See* ECF No. 38-1 at ¶2; Ex. A, Marritz Decl. at ¶21; *and* Sept. 19 Notice of Delinquency, attached as **Exhibit E**.

[11] *See* ECF No. 38-1 at ¶2; Ex. A, Marritz Decl. at ¶22; *and* Ex. E, Notice of Delinquency.

[12] Ex. A, Marritz Decl. at ¶21 *and* Sept. 19 Email from Huh to Marritz, attached as **Exhibit F**.

[13] Ex. A, Marritz Decl. at ¶24.

[14] *See* Settlement Agreement, ECF No. 38-1 at ¶2; Ex. A, Marritz Decl. at ¶25; *and* Sept. 28 Email from Marritz to Huh, attached as **Exhibit G**.

[15] Ex. A, Marritz Decl. at ¶25; Ex. G, Sept. 28 Email from Marritz to Huh.

Defendants' counsel did not respond to this email, and the Settling Defendants made no payment on or before the September 30 deadline.[16]

**B. The Court has the power to enforce the settling parties' Agreement.**

For a federal court to enforce a settlement agreement, it must have a jurisdictional basis to do so. In *Simmons v. United Mortgage & Loan Inv., LLC*, the Fourth Circuit noted that breaches of settlement agreements often sound in contract, and thus a district court will lack power to enforce the terms of the settlement unless some independent basis for subject-matter jurisdiction exists. 634 F.3d 754, 765 (4th Cir. 2011).

But FLSA settlements are different. Unlike other kinds of cases, FLSA wage cases cannot be settled without prior review and approval by the district court. In *Lynn's Food Stores, Inc. v. United States*, the seminal case on FLSA settlements, the Eleventh Circuit explained that when a federal court approves a parties' proposed FLSA settlement agreement after reviewing it for fairness, the court is in fact entering "a stipulated judgment." 679 F.2d 1350, 1353 (11th Cir. 1982). And as the Fourth Circuit recognized in *Simmons,* district courts always "have inherent power to compel defendants to satisfy judgments entered against them." 634 F.3d at 765.

Moreover, the Settling Plaintiffs' claims are still before the Court: the Settling Plaintiffs were only required to dismiss their claims *after* the Settling Defendants made their first settlement-installment payment[17]—which they never did. Thus, the Court can still resolve these claims now.

For these reasons, this Court has the power to enforce the settling parties' Agreement.

**C. Relief Requested**

For the reasons set forth above, the Settling Plaintiffs respectfully request that the Court enter judgment against the Settling Defendants in the following amounts: $1,335 to Plaintiff

---

[16] Ex. A, Marritz Decl. at ¶26.

[17] ECF No. 42 (ordering the Settling Plaintiffs to dismiss their claims "in accordance with the parties' Settlement Agreement"; ECF No. 38-1 at ¶4 (dismissal of claims required only after receipt of the first installment payment).

Lopez, $1,566 to Plaintiff Zamorano, $1,720 to Plaintiff Herrera, and $3,816 to the Legal Aid Justice Center.[18] The Settling Plaintiffs also request an award of the costs and fees incurred in bringing this motion, in accordance with ¶3 of the Agreement.

Respectfully submitted,

/s/ Nicholas Cooper Marritz                                         October 3, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*

---

[18] ECF No. 38-1 at ¶1.

## Certificate of Service

I hereby certify that on October 3, 2016, I uploaded the foregoing *Memorandum in Support of Motion to Enforce Payment of Sanctions and to Enforce Settlement Agreement*, with its accompanying exhibits, to the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to Defendants' counsel of record:

>Jason Jin Huh
>Law Office of Jason J. Huh, PLLC
>4101 Chain Bridge Road, Suite 214
>Fairfax, VA 22030
>attorneyhuh24@gmail.com
>*Counsel for Defendants*

/s/ Nicholas Cooper Marritz                                              October 3, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*