IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROBERTO CLAROS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 1:16-cv-344-AJT-MSN |
| ) | |
| SWEET HOME IMPROVEMENTS, INC., ) et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. No. 63). Plaintiffs request an award of attorney's fees and costs pursuant to the Fair Labor Standards Act, the Federal Rules of Civil Procedure, and the terms of the parties' Settlement Agreement. Pls.' Mem. in Supp. 2 (Dkt. No. 64). For the reasons that follow, Plaintiffs' Motion is granted.

### I. Background

Plaintiffs Roberto Claros, Jose Claros, Fredy Zamorano, Osbaldo Lopez, Hector Andrade, and Mario Herrera Macuran were employees of Defendants' residential construction and remodeling business. Am. Compl. 3, 12 (Dkt. No. 5). On April 27, 2016, Plaintiffs filed an amended complaint against all Defendants for alleged violations of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, respectively. *Id.* at 13. Plaintiffs also alleged that Defendant Sweet Home Improvements, Inc. breached the terms of their employment contract under Virginia law. *Id.* at

13-15. Plaintiffs were represented by attorneys Nicholas Marritz and Simon Sandoval-Moshenberg.

Defendants settled this matter with Plaintiffs Fredy Zamorano, Osbaldo Lopez, and Mario Herrera Macuran ("Settling Plaintiffs"). *See* Ex. A (Dkt. No. 38-1); Order (Dkt. No. 42). Plaintiffs Jose Claros, Roberto Claros, and Hector Andrade ("Non-settling Plaintiffs") moved for summary judgment, and on October 14, 2016, the Court granted their Motion for Summary Judgment. *See* Pls.' Mot. for Summ. J. (Dkt. No. 51); Pls.' Mem. in Supp. (Dkt. No. 52); Order (Dkt. No. 59). Pursuant to the Court's Order, the Clerk's Office entered judgment in favor of the Non-settling Plaintiffs and against Defendants. *See* Clerk's J. (Dkt. Nos. 60, 61).

On October 25, 2016, all Plaintiffs moved for an award of attorney's fees and costs on three separate grounds: the FLSA, the Federal Rules of Civil Procedure, and the terms of the Settling Plaintiffs' Settlement Agreement. *See* Pls.' Mot. (Dkt. No. 63); Pls.' Mem. in Supp. (Dkt. No. 64). All Plaintiffs waived oral argument on the Motion. *See* Notice of Waiver of Hr'g (Dkt. No. 65).

**II.   Discussion**

    **A.   FLSA**

        **i.   Attorney's Fees**

Payment of reasonable attorney's fees to be paid by the employer to the prevailing employee(s) is mandatory in FLSA cases, but the amount is within the sound discretion of the court. *See* 29 U.S.C. § 216(b); *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984) (citations omitted). The amount of attorney's fees is determined by "multiplying the number of hours reasonably expended by a reasonable hourly rate." *Cab Siquic v. Star Forestry, LLC*, No.

3:13CV43, 2016 WL 1650800, at *2 (W.D. Va. Apr. 22, 2016) (citation omitted). Reasonableness is determined by considering the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (citation omitted). Above all, the inquiry rests on whether the hours worked are reasonable, and not "excessive, redundant, or otherwise unnecessary." *Cab Siquic*, 2016 WL 1650800, at *2 (quoting *Travis v. Prime Lending*, No. 3:07CV65, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008)). Plaintiffs bear the burden of establishing the reasonableness of the fees and costs they seek by submitting attorney affidavits and specific evidence of the prevailing market rates in the jurisdiction. *Jackson v. Estelle Place, LLC*, No. 1:08CV984(LMB-TRJ), 2009 WL 1321506, at *2 (E.D. Va. May 8, 2009), *aff'd sub nom. Jackson v. Estelle's Place, LLC*, 391 F. App'x 239 (4th Cir. 2010) (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.1990)).

The Non-settling Plaintiffs are the prevailing party pursuant to the Court's entry of summary judgment in their favor. *See* Order (Dkt. No. 59). The Non-settling Plaintiffs seek an award of $12,480.00 in attorney's fees for 39 hours worked at a rate of $320 per hour. Ex. A (Dkt. No. 64-1). In support of their fee request, the Non-settling Plaintiffs submit a declaration by attorney Nicholas Marritz with a chart of attorney's fees and costs in this case, as well as the

market rate in other cases in this Court. *Id.* Mr. Marritz states that "in the exercise of billing discretion," he eliminated certain time entries, and his co-counsel, Mr. Sandoval-Moshenberg, is not billing for time spent on this case. *Id.* ¶ 9. Applying the relevant *Johnson* factors, the undersigned finds that the requested amount of attorney's fees is reasonable. *See Cab Siquic*, 2016 WL 1650800, at *2. The fee rate is consistent with the rate the Court approved in this case and is also consistent with the rate in similar FLSA cases. *See* Ex. A ¶¶ 7, 8 (Dkt. No. 64-1); *see also Kennedy v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 526 (E.D. Va. 2011) (finding attorney billing rate of $350/hour reasonable). Accordingly, the Court will grant the Non-settling Plaintiffs' request for attorney's fees in the amount of $12,480.00.

### ii. Costs

In addition to attorney's fees, the FLSA mandates an award of costs of the action to the prevailing party. 29 U.S.C. § 216(b). Although district courts have discretion in assessing costs, *Roy v. Cnty. of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998), costs must be only for "reasonable litigation expenses." *Jones v. Dancel*, 792 F.3d 395, 404 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 591 (2015). Examples of costs include depositions, transcripts, and court costs. *Almendarez v. J.T.T. Enters. Corp.*, No. CIV. JKS 06-68, 2010 WL 3385362, at *7 (D. Md. Aug. 25, 2010) (citation omitted).

The Non-settling Plaintiffs seek costs in the amount of $2,083.20, consisting of $216.00 for the filing fee and service of process, $585.00 for a Korean interpreter for a Rule 30(b)(6) deposition, and $1,282.20 for a court reporter for a Rule 30(b)(6) deposition. Ex. A at 6 (Dkt. No. 64-1). The undersigned concludes that these costs are reasonable and will award the Non-settling Plaintiffs $2,083.20 in costs.

4

### B.    Settlement Agreement

The Settling Plaintiffs argue that they are entitled to attorney's fees and costs based on a provision of their Settlement Agreement, stating "in the event of litigation to enforce this agreement, the non-breaching party shall be entitled to costs of suit and reasonable attorney's fees of $320.00/hour."  Ex. A ¶ 3 (Dkt. No. 38-1).  On October 3, 2016, the Settling Plaintiffs filed a Motion to Enforce Payment of Sanctions and to Enforce Settlement Agreement (Dkt. No. 55).  On October 14, 2016, the Court granted the Settling Plaintiffs' Motion.  *See* Order (Dkt. No. 59).  Pursuant to the terms of the Settlement Agreement and in light of the Settling Plaintiffs' Motion, the undersigned finds that the Settling Plaintiffs shall be awarded $12,480.00 in attorney's fees and $2,083.20 in costs.

### III.   Conclusion

The Non-settling Plaintiffs are entitled to an award of attorney's fees and costs pursuant to the FLSA.  The Settling Plaintiffs are entitled to an award of attorney's fees and costs pursuant to the Settlement Agreement.  Having found that all Plaintiffs are entitled to an award of attorney's fees and costs, the Court need not address Plaintiffs' alternative ground for attorney's fees and costs.[1]  For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. No. 63) is GRANTED.  Plaintiffs are collectively awarded reasonable attorney's fees in the total amount of $12,480.00, and costs in the total amount of $2,083.20.

Entered this 3rd day of November, 2016.

---

1 In the alternative, Plaintiffs argue that they are entitled to attorney's fees because they successfully moved for sanctions after Defendants were found to have violated a discovery order.  *See* Pls.' Mem. in Supp. 2 (Dkt. No. 64); Pls.' Mot. to Enforce Payment of Sanctions & to Enforce Settlement Agreement (Dkt. No. 55); Order (Dkt. Nos. 33, 45, 59).  In support of their argument, Plaintiffs cite Federal Rule of Civil Procedure 37(b)(2)(C) regarding the payment of expenses for failure to comply with a court order.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

Alexandria, Virginia